IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| ROBERT "BOBBY" FLORES<br>*Plaintiff*<br><br>vs.<br><br>HONEYWELL SAFETY PRODUCTS USA, INC.<br>and<br>SHOOTING ACADEMY of SOUTH TEXAS<br>LLC DBA POINT BLANK SPORTING GOODS<br>*Defendants* | §§§§§§§§§§§§ CIVIL ACTION NO._____ |

### DEFENDANT, HONEYWELL SAFETY PRODUCTS USA, INC.'S
### NOTICE OF REMOVAL

To: THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, MCALLEN DIVISION

Defendant, **HONEYWELL SAFETY PRODUCTS USA, INC.** ("Honeywell"), files this Notice of Removal, pursuant to 28 U.S.C. § 1446(a). Honeywell hereby removes this suit from a state court, the 398th District Court of Hidalgo County, Texas, which has docketed this suit as Cause No. C-5484-17-I.

### I. Introduction

1.1 Plaintiff ROBERT "BOBBY" FLORES ("Plaintiff") is a resident and citizen of Texas.

1.2 Defendant HONEYWELL SAFETY PRODUCTS USA, INC. is a corporation organized under the laws of Delaware and having its principal place of business in Smithfield, Rhode Island. Honeywell is therefore a citizen of the states of Delaware and Rhode Island.

1.3 Defendant SHOOTING ACADEMY OF SOUTH TEXAS LLC D/B/A POINT BLANK SPORTING GOODS ("Point Blank") is a limited liability company organized under the

laws of Texas. On information and belief, Point Blank has one or more members who are citizens of Texas and is therefore itself a citizen of Texas.

1.4     Plaintiff filed his suit on December 21, 2017. Honeywell was served on January 2, 2018. Point Blank was served on December 28, 2017.

1.5     Honeywell files this notice of removal within the 30-day time period provided in 28 U.S.C. § 1446(b).

## II. Basis for Removal

2.1     Under 28 U.S.C. §1332, federal district courts have original jurisdiction over this suit based on diversity of citizenship among the parties. Excluding the improperly joined party, each defendant is now, and was at the time the suit was commenced, diverse in citizenship from every plaintiff. Excluding the improperly joined party, no defendant is or was at the time the suit was commenced a citizen of Texas. Plaintiff is, and was at the time the suit was commenced, a citizen of Texas. Honeywell is, and was at the time the suit was commenced, a citizen of Delaware and Rhode Island and not a citizen of any other state.

2.2     The citizenship of the other defendant, Point Blank, need not be considered in determining diversity of citizenship. Point Blank is improperly joined as a defendant because no basis in fact or law for any recovery appears in Plaintiff's petition, nor is it possible for Plaintiff to establish a valid cause of action against Point Blank.

2.3     The "improper joinder" doctrine allows courts to conduct diversity-jurisdiction analyses without regard to the presence of an in-state defendant. The doctrine applies when "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [the] in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

2

2.4 Among other problems, Plaintiff complains about an unconcealed, open-and-obvious, or known premises condition for which a landowner would owe no duty to an invitee. *See, e.g., Austin v. Kroger Co.*, 465 S.W.3d 193, 201 (Tex. 2015). The failure of Plaintiff's complaint to state a viable claim against Point Blank establishes improper joinder. *See Smallwood*, at 573. Based on information and belief, Honeywell further expects to show that: (1) Point Blank also provided adequate warnings, thereby satisfying any duty to warn or make safe. *See Austin*, at 202. (2) Plaintiff may have released any claims against Point Blank before using Point Blank's facilities. A summary inquiry will establish those unpleaded facts. *See Smallwood*, at 573-574.

2.5 The consent of an improperly joined defendant is not necessary for removal. Point Blank nonetheless consents to the removal.

2.6 According to Plaintiff's petition, "Plaintiff seeks monetary damages over $1 million." Therefore, the amount in controversy exceeds $75,000.00, excluding interest and costs. 28 U.S.C. § 1332(a).

2.7 Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this District.

2.8 Defendant will promptly file a copy of this Notice of Removal with the clerk of the state court where the suit has been pending.

2.9 Pursuant to Local Rule LR81 of this Court, Defendant provides a copy of the docket sheet, process, pleadings, and any signed orders served in the State court action, together with an index of matters being filed, and the Notice served upon Plaintiff's attorney of record that this matter was removed. These documents are attached as "**EXHIBIT 1.**" Also pursuant to LR81, an Index of Attorneys/Parties is attached as "**EXHIBIT 2.**"

### III. Prayer

3.1  In accordance with the above, Defendant prays that this Court enter such further Orders and grant such further relief as may be necessary to secure removal herein and to prevent further proceedings in the 398th District Court of Hidalgo County, Texas, where the case is pending now, and for such other and further relief, general and special, legal and equitable, to which it may show itself to be justly entitled.

Respectfully submitted,

By: /s/ Javier Gonzalez
Javier Gonzalez
Texas State Bar No. 00787561
Federal ID No. 18712
E-Mail: Javier.Gonzalez@roystonlaw.com
55 Cove Circle
Brownsville, Texas 78521
Telephone: (956) 542-4377
Facsimile: (956) 542-4370
    and
Neil L. Sambursky
MIRANDA SAMBURSKY SLONE SKLARIN VERVENIOTIS LLP
E-Mail: nsambursky@msssv.com
240 Mineola Boulevard
Mineola, New York 11501
Telephone: (516) 741-7676
Facsimile: (516) 741-9060
*Pro Hac Vice will be filed*
Attorneys for Defendant,
**HONEYWELL SAFETY PRODUCTS USA, INC.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the above and foregoing document was filed electronically and forwarded via the CM/ECF Filing System, facsimile, Regular U.S. Mail, certified mail, return receipt requested and/or E-Mail to all known counsel of record on this lst day of **February, 2018**, as follows:

Hon. Ezequiel Reyna, Jr.
Hon. Edward L. Ciccone
Law Offices of Ezequiel Reyna, Jr., P.C.
702 W. Expressway 83, Suite 100
Weslaco, Texas 78596

Hon. Norton A. Colvin, Jr.
Colvin, Saenz, Rodriguez & Kennamer, LLP
1201 East Van Buren
Brownsville, Texas 78520

Hon. Christopher Ranzulli
Renzulli Law Firm, LLP
81 Main Street, Suite 508
White Plains, New York 10601

Hon. Neil L. Sambursky
Miranda Sambursky Slone Sklarin Verveniotis LLP
240 Mineola Boulevard
Mineola, New York 11501

*/s/ Javier Gonzalez*
**Of Royston, Rayzor, Vickery & Williams, L.L.P.**